[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ruling Re: Motion to Enter Judgment Pursuant to Fact Finder Report(File #126)
This matter is before the court on the third-party defendant's (Patriot General Insurance Co.) motion for acceptance and entry of judgment on the findings of the fact finder filed December 18, 1996. The third-party plaintiff has filed an objection (#116) to acceptance of the findings. Pursuant to Connecticut Practice Book Section 546J, a hearing on the motion and objection was conducted; the sole issue is whether the determination of the fact finder is consonant with the Supreme Court's opinion in Munroe v. GreatAmerican Insurance Company, 234 Conn. 182 (1995).
The court agrees with the third-party defendant, and the fact finder, that Munroe is distinguishable from the circumstances of this case.[1] As stated by the fact finder, the debtor, not Ford Motor Credit, is the third-party plaintiff; Ford Motor Credit elected to repossess the totaled automobile, realize the salvage, and sue on the debt. The third-party plaintiff (debtor) was not an innocent victim of a vehicular tort committed by an insured of Patriot. The premium for the coverage was not paid (in fact, payment was deliberately stopped on the check), there was a failure of consideration, and the insurance contract was void ab initio.Munroe was decided "[i]n the context of an action brought by an injured third party;" 234 Conn. at 189; the case concerned CT Page 3941 the statutory abrogation of an insurer's common law right of rescission with regard to an innocent Judicial District of third party (p. 193); and, the answer to the certified question was expressly limited to "the circumstances of [that] case" (p. 193). In my view, the circumstances here are not entirely (or even substantially) comparable to those in Munroe, and the public policy considerations referenced therein (providing financial protection for those injured in automobile accidents) are neither as compelling, nor patently relevant, on these facts.
The third-party plaintiff's objection (#116) to acceptance of the findings of fact is hereby overruled, the findings of the fact finder are hereby accepted, and, on the third-party complaint,[2] judgment is hereby rendered for the third-party defendant, Patriot General Insurance Co., with costs, in accordance with the findings of fact.
Mulcahy, J.